**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JAMES E. DUBE (Executor)** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **THE CITY OF PHILADELPHIA, THE** | : | |
| **SCHOOL DISTRICT OF PHILADELPHIA** | : | |
| **LAW DEPARTMENT, And Any and All** | : | |
| **Agencies, Quasi-Agencies, Contracted,** | : | |
| **Private Agencies, Organizations, ROB** | : | |
| **DEBOW, Et El., MAYOR JAMES** | : | |
| **KENNEY, GOVERNOR TOM WOLFE,** | : | |
| **JOE TORSELLA, PA State Treasurer,** | : | |
| **KATHY BOOCKVAR, PA Secretary of** | : | |
| **State and PHFA HOUSING FINANCE** | : | |
| **AGENCY (BENEFICIARIES)** | : | **NO.  19-4276** |

## MEMORANDUM

**Savage, J.**                                                                                           **November 6, 2019**

Plaintiff James E. Dube, proceeding *pro se*, filed a Complaint against the City of

Philadelphia, "the School District of Philadelphia Law Department," "any and all agencies,

quasi-agencies, contracted, private agencies, organizations," Rob Debow (not otherwise

identified), Mayor James Kenney, Governor Tom Wolf, Pennsylvania Commonwealth

Treasurer Joe Torsella, Acting Pennsylvania Secretary of the Commonwealth Kathy

Boockvar, and the PHFA Housing Finance Agency.  He also filed a motion for leave to

proceed *in forma pauperis* and a "Request for Emergency Injunctive Relief".

For the following reasons, we shall grant Dube leave to proceed *in forma pauperis*,

dismiss his Complaint with leave to amend, and deny his request for injunctive relief.

## FACTS

Dube's complaint presents generalized grievances regarding certain processes

and practices apparently adopted by the Philadelphia Sheriff's Office as related to

disposition of real property. Although it is not entirely clear, Dube appears to be challenging the constitutionality of certain practices used by the Sheriff's Office to foreclose upon and sell real property. His complaint is construed as raising constitutional claims pursuant to 42 U.S.C. § 1983.[1]

Dube does not describe how the programs or procedures were applied to him or any of his properties. Nor does he specify the relief he seeks. Dube's request for emergency injunctive relief is similarly generalized. On the last page of his request, Dube states that he is the owner of three properties in the City of Philadelphia: (1) 2813 Tulip Street, a rental property that provided his sole income; (2) 4771 Tacony Street, his residence; and (3) 4778 Melrose Street, a lot with a garage.[2] We presume that Dube's complaint concerns a dispute with the City of Philadelphia about one or all of these properties. Dube's updated *in forma pauperis* application indicates that the three properties were "sold at auction."[3]

### STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), we must dismiss the complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir.

---

[1] To the extent the Complaint refers to the Privacy Act or other federal statutes, those statutes are inapplicable here. *See Goodall-Gaillard v. N.J. Dep't of Corr.*, 625 F. App'x 123, 128 (3d Cir. 2015) ("[A] s the District Court properly noted, § 1981 does not provide a private right of action against state actors."); *Abuhouran v. Soc. Sec. Admin.*, 291 F. App'x 469, 473 (3d Cir. 2008) (*per curiam*) ("State actors cannot be sued under the Privacy Act.").

[2] Req. Emerg. Inj. Rel. at 6. (Doc. No. 3).

[3] IFP App. at 3 (Doc. No. 6).

1999).  A court may dismiss all or part of an action for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).

The complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).  The plaintiff must allege facts that indicate "more than a sheer possibility that a defendant has acted unlawfully."  *Id.*  Pleading only "facts that are 'merely consistent with' a defendant's liability" is insufficient and cannot survive a motion to dismiss.  *Id.* (quoting *Twombly*, 550 U.S. at 557).

Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  A district court may *sua sponte* dismiss a complaint that does not comply with Rule 8 if "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised."  *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (quotations omitted).  The complaint must provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue."  *Fabian v. St. Mary's Med. Ctr.*, No. Civ. A. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) (quotations omitted).

## DISCUSSION

Dube's allegations are too vague and generalized to establish that he has standing.  Article III of the Constitution limits the power of the federal judiciary to the resolution of cases and controversies.  *Sprint Commc'ns Co., L.P. v. APCC Servs., Inc.*, 554 U.S. 269, 273 (2008).  "That case-or-controversy requirement is satisfied only where

a plaintiff has standing." *Id.* "[T]he irreducible constitutional minimum of standing contains three elements." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). First, the plaintiff must have suffered an "injury in fact" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Id.* (internal quotations omitted). Second, there must be a "causal connection between the injury and the conduct complained of" such that the injury is fairly traceable to the defendant' s conduct. *Id.* Third, it must be likely that the plaintiff's injury will be redressed by a favorable decision. *Id.* at 561; *see also Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (explaining that the "irreducible constitutional minimum of standing" requires the plaintiff to "have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision").

Dube's complaint describes generalized grievances with government, which is insufficient to establish standing. *See Lance v. Coffman*, 549 U.S. 437, 439 (2007) (*per curiam*) ("[A] plaintiff raising only a generally available grievance about government – claiming only harm to his and every citizen' s interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large –  does not state an Article III case or controversy." (quotations omitted)); *Kennedy v. Pennsylvania*, 774 F. App'x 755, 756 (3d Cir. 2019) (*per curiam*) (affirming dismissal of complaint pursuant to § 1915(e)(2)(B) because "Kennedy has not explained why he believes that the [challenged] statute is unconstitutional, or how the existence of the statute has harmed him in any way").

It is not entirely clear what specific policies or practices Dube is challenging.  He does not explain how any of those policies or practices affected him in a manner that

caused him injury that can be redressed by the Court. If he is challenging specific policies or acts of the defendants taken regarding his property, Dube must specify as much in his complaint and explain how his constitutional rights were violated. To the extent Dube's complaint could be liberally construed to assert a claim regarding his properties, he has failed to comply with Rule 8 because he has not "'identifie[d] discrete defendants and the actions taken by these defendants in regard to [his] claims." *Garrett*, 938 F.3d at 93 (citation omitted).

## CONCLUSION

We shall grant Dube leave to proceed *in forma pauperis* and dismiss his complaint for lack of standing. Dube is granted leave to file an amended complaint in the event he can state a claim against an appropriate defendant based on acts that caused him harm.

We shall deny his request for emergency injunctive relief because he has not shown a likelihood of success on the merits and because it is unclear what relief he is requesting. *See Kos Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004) (explaining that party seeking the "extraordinary remedy" of a preliminary injunction must establish: "(1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief"). To the extent Dube sought to enjoin an auction or auctions that have already proceeded, the request is denied as moot.


/s/ TIMOTHY J. SAVAGE J.


5